#1
Fees Pd
ST

1   MICHAEL F. DONNER (SBN 155944)
    ISABELLE HURTUBISE (SBN 224382)
2   STEIN & LUBIN LLP
    The Transamerica Pyramid
3   600 Montgomery Street, 14th Floor
    San Francisco, CA 94111
4   Telephone: (415) 981-0550
    Facsimile: (415) 981-4343
5   mdonner@steinlubin.com
    ihurtubise@steinlubin.com
6
    Attorneys for Plaintiff
7   McAFEE, INC., a Delaware corporation, formerly
    known as Network Associates, Inc., d/b/a Network
8   Associates, Inc.

**FILED**

E-FILING

2007 JUL -6 P 2: 03

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

9

10              UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13       **C07    03529    RS**

14  McAFEE, INC., a Delaware corporation,        Case No.
    formerly known as Network Associates,
15  Inc., d/b/a Network Associates, Inc.,

16              Plaintiff,                        **PLAINTIFF'S COMPLAINT FOR
                                                  BREACH OF WRITTEN PROMISSORY
17  v.                                            NOTE**

18  TERRY W. DAVIS,

19              Defendant.                        **BY FAX**

20

21          Plaintiff McAFEE, Inc., a Delaware corporation, formerly known as Network

22  Associates, Inc., d/b/a Network Associates, Inc. ("Plaintiff"), hereby alleges as follows:

23                              **PARTIES**

24          1.      Plaintiff is, and at all relevant times herein was, a corporation duly

25  organized and existing under the laws of the State of Delaware, domiciled and residing in the City

26  of Santa Clara, State of California, and doing business in the State of California. Plaintiff

27  formerly was known as, and did business under, its registered fictitious business name, Network

28  Associates, Inc.

554106/348954v2                        1
                              COMPLAINT

2.     Plaintiff is informed and believes and, on that basis, alleges that Defendant Terry W. Davis ("Defendant") is an individual who currently is domiciled and residing in the City of Portland, State of Oregon.

3.     Plaintiff also is informed and believes and, on that basis, alleges that at the time Defendant executed the promissory note that is the subject of this action, Defendant was employed by Plaintiff and domiciled and residing in the City of San Jose, State of California.

## JURISDICTION, VENUE AND INTRA-DISTRICT ASSIGNMENT

4.     This Court's jurisdiction is appropriate over the claims asserted by Plaintiff in this Complaint under 28 U.S.C. Section 1332(a) because complete diversity exists between Plaintiff and Defendant and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     Venue is proper in the San Jose Division of the United States District Court for the Northern District of California under 28 U.S.C. Section 1391(a) and Civil Local Rules 3-2(c) and 2(e) because (a) the promissory note that is the subject of this action was negotiated and executed in the County of Santa Clara, State of California; (b) Defendant's payment obligations under the promissory note were to be performed in the County of Santa Clara, State of California; (c) Defendant is subject to personal jurisdiction within this judicial district; and (d) a substantial part of the events giving rise to Plaintiff's claim for relief occurred in this judicial district.

## FIRST CLAIM FOR RELIEF

### (Breach of Written Promissory Note Against Defendant)

6.     Plaintiff repleads, realleges, and incorporates herein by reference as though set forth in full the allegations of Paragraphs 1 through 5, inclusive.

7.     At various times between or about January 21, 1999 and April 1, 2000, Plaintiff made three loans to Defendant in the aggregate principal amount of $300,000. These loans were memorialized in three written promissory notes executed by Defendant, each of which was entitled, "Promissory Note Secured By Deed of Trust [Balloon Payment]."

8.     The last of the three loans that Plaintiff made to Defendant was in the principal amount of $200,000. This loan was memorialized by a written promissory note dated

1  April 1, 2000 (the "Promissory Note") that Defendant executed on or about the same date.  A

2  true and correct copy of the Promissory Note is attached hereto as Exhibit A and is incorporated

3  herein by reference as though set forth in full.

4            9.    The Promissory Note stated, among other things, that:

5               A.    Plaintiff would lend Defendant the principal sum of $200,000;

6               B.    Interest on the principal balance owed under the Promissory Note

7  would accrue at the rate of six and six-tenths percent (6.6%) per annum.

8               C.    Interest would be calculated on the basis of the actual number of

9  number of days elapsed over a year of three hundred and sixty (360) days.

10             D.    The entire unpaid principal balance of the Promissory Note and all

11  accrued interest would be immediately due and payable on the earlier of (i) March 31, 2003 or (ii)

12  six months after the date that the Defendant's employment with Plaintiff terminated.

13             E.    In the event of a Monetary Default under the Promissory Note, (i) .

14  Plaintiff had the right to declare the entire unpaid principal balance and all accrued interest

15  immediately due and payable and (ii) Defendant was required to pay a late fee of five (5) percent

16  on the entire unpaid principal balance and all accrued interest.

17             F.    Plaintiff would be entitled to recover from Defendant all costs and

18  expenses, including reasonable attorneys' fees, that Plaintiff incurred to collect money due under

19  the Promissory Note.  Additionally, if litigation, arbitration or other proceeding arose out of the

20  Promissory Note, the prevailing party would be entitled to recover from the other party all costs

21  and expenses, including reasonable attorneys' fees, that the prevailing party incurred in

22  connection with the litigation, arbitration or any other proceeding.

23          10.    Defendant's employment with Plaintiff terminated on April 24, 2002.

24          11.    Under the terms of the Promissory Note, the entire unpaid principal

25  balance of the Promissory Note and all accrued interest became due and payable six months from

26  the April 23, 2002 termination date of Defendant's employment, or October 24, 2002.

27          12.    Commencing on October 24, 2002 and continuing thereafter, Defendant

28  defaulted under the Promissory Note by failing to pay to Plaintiff any amounts due thereunder,

554106/348954v2

3

1    despite Plaintiff's demand for payment of these amounts.

2         13.    As of October 24, 2002, a total of $158,838.33 was due and owing to

3    Plaintiff by Defendant under the Promissory Note, including $150,000 in unpaid principal, $7,500

4    in late fees and $1,338.33 in accrued and unpaid interest. Additional interest continues to accrue

5    at the rate of $27.12 per day.

6         14.    Plaintiff has fully performed all terms and conditions that it was required to

7    perform under the Promissory Note.

8         15.    As a direct and proximate result of the foregoing, Plaintiff has been

9    damaged in an amount according to proof at trial, but no less than $158,838.33, together with

10   costs, additional late fees and accrued interest and attorney's fees as provided for under the

11   Promissory Note.

12                          **PRAYER FOR RELIEF**

13        **WHEREFORE**, Plaintiff prays judgment against Defendant as follows:

14        1.    For the sum of at least $158,838.33, plus interest and late fees accruing

15   thereon at the rate provided in the Promissory Note until paid in full or date of entry of judgment

16   by reason of its First Claim for Relief.

17        2.    For reasonable attorneys' fees by reason of its First Claim for Relief;

18        3.    For all costs and expenses of suit herein incurred; and

19        4.    For such other and further relief as this Court may deem just and proper.

20
     Dated: July 6, 2007                    STEIN & LUBIN LLP
21

22

23   By: _____
         Michael F. Donner
24       Attorneys for Plaintiff
         McAFEE, INC., a Delaware corporation, formerly
25       known as Network Associates, Inc., d/b/a Network
         Associates, Inc.

26

27

28
     554106/348954v2                        4

                              COMPLAINT

# PROMISSORY NOTE SECURED BY DEED OF TRUST
## [BALLOON PAYMENT]

COPY
FINANCE

$200,000

April 1, 2000

For value received, the undersigned ("**Maker**"), hereby promises to pay to Networks Associates, Inc., a Delaware corporation, d/b/a Network Associates, Inc., or order ("**Holder**"), at 3965 Freedom Circle, Santa Clara, California, 95054, or such other place as the Holder may, from time to time, specify in writing, the principal sum of Two Hundred Thousand Dollars ($200,000), together with interest as provided in this Promissory Note Secured by Deed of Trust (this "**Note**").

    1.    **Interest**. The principal balance of this Note shall bear interest at six and six-tenths percent (6.6%) per annum. Interest shall be calculated on the basis of the actual number of days elapsed over a year of three hundred and sixty (360) days.

    2.    **Maturity Date**. The maturity date of this Note (the "**Maturity Date**") shall be March 31, 2003. Notwithstanding the foregoing, the entire unpaid principal balance of this Note and all accrued interest shall be immediately due and payable in full six (6) months after the date that Maker's employment by Networks Associates, Inc., d/b/a Network Associates, Inc., or its successors or assigns, is terminated for any reason, including disability or death.

    3.    **Payments**. Commencing on April 1, 2000, and on each anniversary date thereof, continuing to and including the Maturity Date, Maker shall pay the accrued interest on the outstanding principal balance of this Note in lawful money of the United States of America. A final payment (the "**Final Payment**") of all unpaid principal and any unpaid accrued interest shall be due and payable on the Maturity Date. At least ninety (90) days, but not more than one hundred fifty (150) days, prior to the Maturity Date, Holder shall send to Maker a statement showing (a) to whom the Final Payment should be made, (b) the due date of the Final Payment, (c) the amount of the Final Payment and (d) whether Maker has a contractual right to refinance the Final Payment.

    4.    **Application of Payments**. Any payment made under this Note shall be first allocated to discharge any late charges owed under this Note, then to the amount of interest owed under this Note and the remainder shall be applied to the outstanding principal balance of this Note.

    5.    **Security**. This Note is secured by a Deed of Trust (the "**Deed of Trust**"), which encumbers the property commonly known as 5274 Manderston Drive, San Jose, California 95138 (the "**Property**"), and by a Pledge Agreement of even date herewith (the "**Pledge Agreement**"), which encumbers the stock options and stock described in the Pledge Agreement.

    6.    **Prepayment**. Maker may prepay this Note at any time, in whole or in part, without a prepayment premium. Any prepayment shall be first allocated to discharge the amount of interest then actually accrued on the amount of the principal sum designated to be prepaid.

# EXHIBIT A

The remainder of the sum prepaid shall be applied to reduce, dollar for dollar, the outstanding principal balance of this Note.

7.    Default.

7.1    Events of Default.  Each of the following constitutes an event of default (an "Event of Default") under this Note:

a.    Maker's failure to make any payments required under this Note, the Deed of Trust or the Pledge Agreement within fifteen (15) days after the Holder gives written notice to Maker of such failure and the amount of the late fee Maker must pay, if such failure is not cured;

b.    Maker's failure to otherwise perform any other monetary obligations required under this Note, the Deed of Trust or the Pledge Agreement, including the payment of taxes and insurance, if any, within fifteen (15) days after the Holder gives written notice to Maker of such failure and the amount of the late fee Maker must pay, if such failure is not cured; or

c.    Maker's failure to otherwise perform any nonmonetary obligations required under this Note, the Deed of Trust or the Pledge Agreement within thirty (30) days after the Holder gives written notice to Maker of such failure, if such failure is not cured.

7.2    Remedies Upon Events of Default; Late Charges.  Upon a monetary Event of Default, at the Holder's option, Maker shall pay a late fee equal to five percent (5%) of such unpaid payment owed under this Note, the Deed of Trust or the Pledge Agreement, payable as of the date of such monetary Event of Default. Such late fee shall offset the damages suffered by Holder from Maker's late payment under this Note.  In addition to the payment of such late fee upon a monetary Event of Default, or upon a nonmonetary Event of Default, Holder may, at its option, declare immediately due and owing the entire unpaid principal sum together with all accrued interest thereon plus any other sums owing at the time of such declaration pursuant to this Note, the Deed of Trust or the Pledge Agreement.

8.    Due on Sale.  If Maker, without Holder's prior written approval, makes a Transfer (defined below) of the Property, the entire unpaid principal sum together with all accrued interest thereon and all other amounts secured hereby shall become immediately due and payable. A "Transfer" shall mean a sale, conveyance, transfer, disposal of, or further encumbrance of, the Property or any interest or part thereof, either voluntarily or involuntarily, or if Maker enters into an agreement to sell, convey, transfer, dispose of or encumber the Property or any interest or part thereof.

9.    General Provisions.

9.1    Successors and Assigns.  This Note is binding upon and shall inure to the benefit of Holder, Maker, and their respective successors, assigns, executors, heirs, devisees, and beneficiaries.

9.2 <u>Modification</u>. This Note may only be modified in a writing signed by Maker and Holder.

9.3 <u>Time of Essence</u>. Time is of the essence for each and every term, condition, and obligation of Maker under this Note.

9.4 <u>Non-Waiver</u>. Holder's failure or delay in exercising any its rights or options under this Note will not constitute a waiver of any such right or option or of any other right or option under this Note.

9.5 <u>Applicable Law</u>. The laws of the State of California shall govern in the interpretation, construction, enforcement, and all other aspects of the rights, obligations, and duties created under this Note, the Deed of Trust and the Pledge Agreement.

9.6 <u>Severability</u>. If any provision of this Note is or becomes illegal, invalid, or unenforceable in any respect, the legality, validity and enforceability of the remaining provisions of this Note will not be affected and such remaining provisions will remain in full force and effect.

9.7 <u>Attorneys' Fees</u>. Maker promises to pay all costs and expenses of collection, including all reasonable attorneys' fees, if this Note is referred to an attorney for collection, and such collection is effected without suit. The prevailing party in any litigation, arbitration or other proceeding arising out of this Note shall be reimbursed by the other party for all costs and expenses incurred in such proceedings, including all reasonable attorneys' fees.

9.8 <u>Notice</u>. Any notice or demand required to be given under this Note must be in writing and will be deemed effective (i) immediately upon delivery in person, or (ii) twenty-four (24) hours after deposit with a commercial courier or delivery service for overnight delivery, or (iii) three (3) business days after deposit with the United States Postal Service, certified or registered mail, return receipt requested, postage prepaid. All notices must be addressed and delivered to the parties at the addresses set forth in this Note, or at such other addresses as either party may subsequently designate by written notice given in the manner provided in this Section 9.8.

9.9 <u>Waiver</u>. Maker hereby waives diligence, demand, presentment, notice of nonpayment, protest, and notice of protest and expressly agree that this Note, or any payment under this Note, may be extended from time to time, and consents to the Holder's acceptance of further security for this Note, including other types of security, all without in any way affecting Maker's liability, and waive the right to plead any and all statutes of limitation as a defense to any demand on this Note, or on any guaranty thereof, or to any agreement to pay the same, to the full extent permissible by law.

MAKER:                    By:    _____

Terry W. Davis
Address:        5274 Manderston Drive
                San Jose, California 95138