Michael F. Donner (SBN 155944)
Isabelle Hurtubise (SBN 224382)
The Transamerica Pyramid
STEIN & LUBIN LLP
600 Montgomery Street, 14th Floor
San Francisco, CA  94111
Telephone:     (415) 981-0550
Facsimile:      (415) 981-4343
mdonner@steinlubin.com
ihurtubise@steinlubin.com

Attorneys for Plaintiff
McAFEE, INC., a Delaware corporation f/k/a
Network Associates, Inc., d/b/a Network Associates,
Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| McAFEE, INC., a Delaware corporation f/k/a Network Associates, Inc., d/b/a Network Associates, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>TERRY W. DAVIS and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.  C 07-03529 JW<br><br>**MEMORANDUM IN SUPPORT OF MCAFEE, INC.'S MOTION TO DISMISS COUNTER CLAIM OF TERRY W. DAVIS**<br><br>**[F.R.C.P. 12(B)(6)]**<br><br>Date:     September 24, 2007<br>Time:    9:00 a.m.<br>Judge:   Honorable James Ware |

**I.    INTRODUCTION**

Defendant Terry W. Davis' ("Davis") Counter Claim for Breach of Contract against Plaintiff McAfee, Inc. ("McAfee") is time-barred under California Code of Civil Procedure Section 337's four-year statute of limitation. Davis admits in Paragraph 5 of his Counter Claim that the contract was allegedly breached on April 24, 2002. Yet, Davis failed to assert any claims against McAfee until July 30, 2007, after McAfee brought this Breach of Promissory Note action against him and more than one year after the expiration of the statute of limitation covering his Counter Claim. This Court should therefore grant McAfee's Rule

12(b)(6) Motion and dismiss Davis' Counter Claim with prejudice.

## II.  FACTUAL BACKGROUND

McAfee is a corporation organized and exisiting under the laws of Delaware, domiciled and residing in the City of Santa Clara, California, and doing business in the State of California. (Complaint at ¶ 1). Davis is an individual currently residing in Oregon. (*Id.* at ¶ 2). Until April 24, 2002, Davis was employed by McAfee as its Chief Financial Officer. (*Id.* at ¶ 10). On April 1, 2000, McAfee made a $200,000 loan to Davis. (*Id.* at ¶ 8). This loan was memorialized in a written Promissory Note in the amount of $200,000 and signed by Davis. (*Id.*) Under terms of the Promissory Note, the principle balance and any accrued interest was due the earlier of (i) March 31, 2003, or (ii) six months after the date Davis' employment with McAfee was terminated. (Complaint at ¶ 9D). Davis was terminated by McAfee on April 24, 2002. (*Id.* at ¶ 10). The remaining balance of $150,000 and accrued interest of $1,338.33 was therefore due on October 24, 2002. (*Id.* at ¶ 11-13). To date, Davis has made no payment towards this debt.

On July 7, 2007, McAfee filed a Complaint for Breach of Written Promissory Note. Davis filed his Answer and a Counter Claim for Breach of Contract on July 30, 2007. In this Counter Claim, Davis alleged that he entered into a sabbatical contract with McAfee on February 15, 2002. (Counter Claim at ¶ 1). Davis further admitted that McAfee breached the sabbatical agreement on <u>April 24, 2002</u>. (*Id.* at ¶ 5).

## III.  DAVIS' COUNTER CLAIM FAILS TO STATE A CLAIM BECAUSE IT IS TIME-BARRED BY THE STATUTE OF LIMITATION

A Motion to Dismiss may properly lie under Rule 12(b)(6) of the Federal Rules of Civil Procedure where a complaint fails to state a claim against the defendant because the allegations of the complaint indicate that a cause of action is barred by the statute of limitation. *Jablon v. Dean Witter & Co., Inc.*, 614 F.2d 677, 682 (9th Cir. 1980).

The applicable statute of limitation for a breach of contract claim is four years. Cal. Proc. Civ. Code § 337; *Allan v. Guaranty Oil Co.* 176 Cal. 421, 430 (Cal. 1917). Davis admitted in Paragraph 5 of his Counter Claim that McAfee allegedly breached the sabbatical

agreement on April 24, 2002.[1]  A breach of contract claim accrues "at the time of the breach of contract, and the statute of limitations begins to run at that time regardless of whether any damage is apparent or whether the injured party is aware of his right to sue." *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F.Supp.2d 1127, 1135 (N.D. Cal. 2006).  Therefore, Davis' alleged breach of contract claim began to accrue on April 24, 2002, and expired four years later, on April 24, 2006. Cal. Proc. Civ. Code § 337; *Perez-Encinas* at 1135.

Despite having these facts in 2002, Davis failed to assert his breach of contract claim against McAfee until July 30, 2007, over five years later, more than one year after Code of Civil Procedure Section 337's four-year statute of limitation expired and only after McAfee filed its timely Breach of Written Promissory Note Claim.  Davis' Counter Claim is time-barred under Section 337.

**IV.    CONCLUSION**

Because his Counter Claim is time-barred under Section 337's four-year statute of limitations, this Court should grant McAfee' Rule 12(b)(6) motion and dismiss Davis' Counter Claim with prejudice.

Dated: August 14, 2007                STEIN & LUBIN LLP


By: /s/Isabelle Hurtubise
Isabelle Hurtubise
Attorneys for Plaintiff
McAFEE, INC., a Delaware corporation f/k/a
Network Associates, Inc., d/b/a Network
Associates, Inc.

---

[1] Davis' statements in his Counter Claim, even though unverified, are admissions. Fed. R. Evid. § 801(d)(2).