Thomas J. Nolan SBN# 48413
Nolan, Armstrong & Barton, LLP
600 University Avenue
Palo Alto, CA 94301-2076
(650) 326-2980
Fax (650) 326-9704

Philip C. Bourdette SBN #47492
BOURDETTE & PARTNERS
2924 West Main Street
Visalia, CA 93291
(559) 625-8425
Fax (559) 625-8491

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| McAFEE, INC, a Delaware corporation, formerly known as Network Associates, Inc., d/b/a Network Associates, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>TERRY W. DAVIS,<br><br>    Defendant. | Case No. C07 03529 RMW, RS<br><br>RESPONSE TO MOTION TO DISMISS COUNTER CLAIM<br><br>HEARING: DATE November 5, 2007<br>               TIME: 9:00 AM<br>               JUDGE JAMES WARE |

## I. INTRODUCTION

The counter claim filed by Terry Davis is not time barred. The counter claim is permissible pursuant to California Commercial Code Section 3118 which provides for a six year statute of limitations.

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

## II. FACTUAL BACKGROUND

During 1999 and 2000 Plaintiff made several loans to its employee Terry Davis. The promissory note was modified in writing on or about February 15, 2002 (see Exhibit A to the Answer & Counter Claim). In the fourth paragraph of the modification it provides "Upon satisfactory completion of the Sabbatical Period and the satisfactory completion of all assigned tasks as determined by the General Counsel, and as further consideration for the release of claims discussed below, the Company is prepared to release 50% of the principal associated with the loan between you and Network Associates." The interpretation of this paragraph is the central issue of the breach as alleged in the Counter Claim. This modification was entered into at a time when Plaintiff and its then CEO were under investigation by the United States for various fraudulent securities and financial matters. Plaintiff needed the assistance of Terry Davis in these investigations. Mr. Davis completed all assignments he was asked to perform but Plaintiff unilaterally cancelled the agreement in April 2002. Plaintiff filed its complaint on July 6, 2007. Defendant filed his answer and counter claim on July 30, 2007.

## III. THE COUNTER CLAIM DOES STATE A CLAIM AND IS NOT TIME BARRED

California Commercial Code section 3118 provides for a six year statute of limitations. The February 15, 2002 modification of the note was breached by Plaintiff in April of 2002 and the counter claim was filed within the six year period. California Code of Civil Procedure section 428.10 (b) allows the filing of a cross-complaint by a person sued;"…if the cause of action asserted in his cross-complaint (1) arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause brought against him…". The counter claim clearly arises out of the same transaction or series of transactions or occurrences as the promissory note that Plaintiff is seeking to enforce.

If the Court believes the counter claim is not specific enough, then defendant requests leave to amend the counter claim.

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

## IV CONCLUSION

For the reasons stated above Defendant requests that the Court deny Plaintiff's Motion to Dismiss.

Dated:  October 19, 2007                    Bourdette & Partners


BY: /s/ Philip C. Bourdette
PHILIP C. BOURDETTE

MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS