```
MICHAEL F. DONNER (SBN 155944)
STEIN & LUBIN LLP
The Transamerica Pyramid
600 Montgomery Street, 14th Floor
San Francisco, CA  94111
Telephone:    (415) 981-0550
Facsimile:    (415) 981-4343
mdonner@steinlubin.com
```

Attorneys for Plaintiff
McAFEE, INC., a Delaware corporation f/k/a Network Associates, Inc., d/b/a Network Associates, Inc.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| McAFEE, INC., a Delaware corporation f/k/a Network Associates, Inc., d/b/a Network Associates, Inc.,<br><br>Plaintiff,<br><br>v.<br><br>TERRY W. DAVIS, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. C-07-03529-JW<br><br>**PLAINTIFF MCAFEE, INC.'S REPLY TO OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM**<br><br>[F.R.C.P. 12(B)(6)]<br><br>**Hearing:**<br><br>Date:    November 5 2007<br>Time:    9:00 a.m.<br>Judge:   Honorable James Ware<br>Dept.:   8 |
| AND RELATED COUNTERCLAIM. | |

## I. INTRODUCTION

Defendant Terry W. Davis' ("Davis") 1½ page Opposition to Plaintiff McAfee, Inc.'s ("McAfee") Motion to Dismiss is not only untimely (it was filed three days after the filing deadline),[1] but it also is legally untenable.

///

---

[1] Under Local Rule 7-3(a), Davis was required to file the Opposition no later than 21 days before the November 5, 2007 hearing on the Motion, or by October 15, 2007. However, Davis failed to comply with Rule 7-3(a) and filed his Opposition three days late on October 18, 2007.

Davis insists that his Breach of Contract Counterclaim is not time-barred because it is governed by California Commercial Code Section 3118 (six year statute of limitation for breach of promissory note), rather than by California Code of Civil Procedure Section 337 (four-year statute of limitation for breach of written contract). Davis argues that Commercial Code Section 3118 should apply because the subject of his Breach of Contract Counterclaim – the parties' written "Sabbatical Contract" dated February 15, 2002 – pertains, in part, to the loaned funds that McAfee is suing to recover in this breach of promissory note case. While the Sabbatical Contract (which was attached as Exhibit A to the Counterclaim) does include one provision relating to McAfee's loan to Davis, it clearly is <u>neither a promissory note nor any other type of negotiable instrument</u> (the precondition to the application of Commercial Code Section 3118). The Sabbatical Contract is just an ordinary written agreement between an employee and his employer. As such, it is governed by Code of Civil Procedure Section 337, not Commercial Code Section 3118.

Davis' "Breach of Contract Counterclaim" is time-barred under Section 337's four-year statute of limitation because Davis waited until July 30, 2007 – more than five years after the purported breach and more than one year after the expiration of the statute of limitation – to assert the Counterclaim in his Answer to McAfee's Complaint. McAfee therefore requests that the Court grant its Rule 12(b)(6) Motion and dismiss Davis' Counterclaim with prejudice.

## II. DAVIS HAS FAILED TO OVERCOME MCAFEE'S SHOWING THAT HIS PURPORTED "BREACH OF CONTRACT COUNTERCLAIM" IS TIME-BARRED UNDER CODE OF CIVIL PROCEDURE SECTION 337

McAfee brought this Motion to Dismiss because it was clear – based on Davis' own allegations – that his "Counterclaim for Breach of Contract" was time-barred under Code of Civil Procedure Section 337. California Code of Civil Procedure Section 337 provides a four-year limitations period for "[a]n action upon any contract, obligation or liability founded upon an instrument in writing." *Cal. Civ. Proc. Code § 337*. A breach of contract claim accrues "at the time of the breach of contract, and the statute of limitations begins to run at that time regardless of whether any damage is apparent or whether the injured party is aware of his right to sue." *Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F.Supp.2d 1127, 1135 (N.D. Cal. 2006). Davis alleged in

Paragraph 1 of the Counterclaim that he entered into a written "Sabbatical Contract" with McAfee on February 15, 2002. (Counterclaim at ¶ 1.) He further alleged in Paragraph 5 that McAfee breached the Sabbatical Contract on April 24, 2002. (*Id.* at ¶ 5.) Despite Davis' knowledge of these facts, Davis failed to bring his breach of contract claim against McAfee until July 30, 2007, over <u>five years</u> after April 24, 2002 (the date of the alleged breach) and more than <u>one year</u> after April 24, 2006 (the date on which Section 337's four-year statute of limitation expired).

Davis insists that his "Breach of Contract Counterclaim" is not time-barred because it is governed by California Commercial Code Section 3118 (six year statute of limitation for breach of promissory note) and not Code of Civil Procedure Section 337 (four-year statute of limitation for breach of written contract). Davis appears to offer two theories for why this should be the case. Neither of them has merit.

First, Davis contends that the six year statute of limitation under Commercial Code Section 3118 should govern his "Breach of Contract Counterclaim" because (1) Section 3118 governs McAfee's Breach of Promissory Note Claim against him and (2) Davis' Counterclaim arises out of the same subject matter as McAfee's Claim. Davis' argument – if understood correctly – is that, where a defendant's counterclaims and a plaintiff's claims relate to the same subject matter, the statutes of limitation governing the counterclaims necessarily must be the <u>same</u> as those governing the claims. (See, Opposition at page 2, lines 18-26.) In support of this argument, Davis cites Code of Civil Procedure Section 428.10(b). His reliance on Section 428.10(b), however, is misplaced. That statute does not relate in any way to statutes of limitation. It merely discusses the conditions under which defendants are permitted to bring cross-claims against plaintiffs. Section 428.10(b) does not require identical statutes of limitation to be applied to related claims and counterclaims. *See, Cal. Civ. Proc. Code § 428.10(b).*

Second, Davis argues that because the Sabbatical Contract is really a purported "modification" of McAfee's promissory note (as opposed to an ordinary employment contract), Commercial Code Section 3118 should apply instead of Code of Civil Procedure Section 337. This argument lack merit. Commercial Code Section 3118(a)'s six year statute of limitation

applies only to claims arising out of breaches of <u>promissory notes</u> and similar <u>negotiable instruments</u>. "[A]n action to enforce the obligation of a party to pay a note payable at a definite time shall be commenced within six years after the due date or dates stated in the note." *Cal. Comm. Code § 3118(a)*. California Commercial Code Section 3104(a) defines a "negotiable instrument" as an unconditional promise or order to pay a fixed amount of money at a specific time. *Cal. Comm. Code § 3104(a)*.

Clearly on its face, the Sabbatical Contract is neither a promissory note nor any other kind of negotiable instrument. While the Sabbatical Contract does contain a single provision relating to McAfee's loan to Davis (along with 10 other provisions that are unrelated to the loan), it makes no mention of any promissory note and does not incorporate by reference the terms of any promissory note. Nor does it contain an unconditional promise or order to pay a fixed amount of money at a specific time. *Compare, Cadle Co. v. World Wide Hospitality Furniture, Inc.*, 144 Cal.App.4th 504, 514, fn. 8 (2006) (holding that Section 3118(a) governed claim for breach of "Change In Terms Agreement" because "like its predecessor, the Agreement is a promissory note, a negotiable instrument. It establishes a payment schedule, but also provides that a missed payment need not be considered a breach if the full debt is satisfied by December 31, 1993. Commercial Code section 3118, subdivision (a) establishes a six-year statute of limitations, from the final due date, for promissory notes payable at a definite time"). The Sabbatical Contract is just an ordinary employment contract. It defines the terms of an employee's sabbatical and post-sabbatical return to work. Davis seems to have been aware of this fact, which is why he entitled his Counterclaim "Breach of Contract" and not "Breach of Promissory Note."

Davis' characterization in his Opposition of the Sabbatical Contract as a "modification" of McAfee's promissory note is not only unsupported (Davis offers nothing more than his lawyer's personal opinion in the "Factual Background" section), but it is irrelevant for the purposes of this Motion. In ruling on a Rule 12(b)(6) Motion, a court may only consider facts contained within the four corners of a pleading (including any attached exhibits referenced therein). *See, W. Schwarzer, A.W. Tashima & J. Wagstaffe, California Practice Guide: Federal*

*Civil Procedure Before Trial, §9:205 at 9-58 (TRG 2007)*. A court may not consider new facts alleged for the first time in opposition papers. *See, Schneider v. California Dept. of Corrections,* 151 F.3d 1194, 1197 (9th Cir. 1998).

Davis should not be allowed to amend his Counterclaim to allege for the first time that the Sabbatical Contract is a "modification" of McAfee's promissory note. Any such amendment would be inconsistent both with (1) the allegations of his previously-filed pleading (i.e., in Paragraphs 1 and 5, he alleged that the Sabbatical Contract was a separate contract and that McAfee breached that contract) and (2) the terms of the Sabbatical Contract itself (Exhibit A to the Counterclaim) (which reflects on its face that it is not a negotiable instrument). *See, Hayes v. Whitman,* 264 F.3d 1017, 1025 (10th Cir. 2001) (court cannot consider new theories or facts in an opposition brief that are inconsistent with the pleadings of a complaint or cross-complaint). A party may allege new facts only if they are consistent with the challenged pleading. *See, Reddy v. Litton Indus., Inc.,* 912 F.2d 291, 296-97 (9th Cir. 1990). Leave to amend must be denied if the party cannot state a claim without contradicting any of the allegations of its original complaints. *Id.; accord, Stone v. The Travelers Corp.,* 58 F.3d 434, 437 n.1 (9th Cir. 1995).

Because Davis' Counterclaim arises out of the Sabbatical Contract and not a negotiable instrument, it is governed by the four year statute of limitation under Code of Civil Procedure Section 337, not the six year statute of limitation under Commercial Code Section 3118(a). Davis' "Breach of Contract Counterclaim" is time-barred.

### III. CONCLUSION

Based on the foregoing, this Court should grant McAfee' Rule 12(b)(6) Motion and dismiss Davis' Counterclaim for "Breach of Contract" with prejudice.

Dated: October 22, 2007                    STEIN & LUBIN LLP

By: _____/s/_____
Michael F. Donner
Attorneys for Plaintiff
McAFEE, INC., a Delaware corporation f/k/a Network Associates, Inc., d/b/a Network Associates, Inc.